1  R. Joseph Trojan, CA Bar No. 137,067
   trojan@trojanlawoffices.com
2  Dylan C. Dang, CA Bar No. 223,455
   dang@trojanlawoffices.com
3  Edwin P. Tarver, CA Bar No. 201,943
   tarver@trojanlawoffices.com
4  TROJAN LAW OFFICES
   9250 Wilshire Blvd., Suite 325
5  Beverly Hills, CA 90212
   Telephone: (310) 777-8399
6  Facsimile: (310) 777-8348

7  Attorneys for Plaintiffs
   Travel Assets, Inc., d.b.a. Smokebuddy, and Gregg Gorski
8

9            **UNITED STATES DISTRICT COURT**
        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
10

11 | Travel Assets Inc., d.b.a.          | Case No. 2:22-cv-5068
   | Smokebuddy, a California           |
12 | Corporation, and Gregg Gorski,     | **COMPLAINT FOR DAMAGES;**
   | an individual,                     | **INFRINGEMENT OF U.S.**
13 |                                    | **DESIGN PATENT NO. D685,131**
   |                    Plaintiffs,     | **UNDER 35 U.S.C. § 271 and**
14 |                                    | **TRADE DRESS RIGHTS UNDER**
   |              v.                    | **15 U.S.C. § 1125(a)**
15 |                                    |
16 | ST & Company, LLC, a California    | **DEMAND FOR JURY TRIAL**
   | Limited Liability Company, and     |
17 | Raheel Lakhany, an individual,     |
18 |                    Defendants.     |
19

20

21                          1                    COMPLAINT

TROJAN LAW OFFICES
BEVERLY HILLS

1    Plaintiff Gregg Gorski (hereinafter, "Gorski") and Plaintiff Travel Assets,

2    Inc. hereby complain against Defendant Raheel Lakhany (hereinafter, "Lakhany")

3    and Defendant ST & Company, LLC (hereinafter, "ST&C") as follows:

4    1.    This is a civil action for design patent infringement and trade dress

5    infringement, arising under the Patent Laws of the United States, Title 35, United

6    States Code, and arising under the Lanham Act of 1946, as amended, 15 U.S.C. §

7    1051, *et seq.*

8    ## I.    THE PARTIES:

9    2.    Plaintiff Gorski is an individual, residing in the State of Nevada.

10   Travel Assets, Inc., d.b.a. Smokebuddy (hereinafter, "Smokebuddy") is a

11   California corporation, formed and existing under the laws of the State of

12   California and operates in Nevada and in the County of Los Angeles, State of

13   California.

14   3.    Gorski is the owner of all right, title, and interest in a United States

15   Design Patent, No. D685,131 (hereinafter, the "'131 Patent") entitled "Exhale

16   Smoke Filter."  A true and correct copy of the '131 Patent is attached hereto as

17   Exhibit 1.  Gorski, through an exclusive license with Smokebuddy, is the owner

18   of the trade dress in the shape and overall appearance of the Smokebuddy Junior,

19   which is a personal air filter sold under the Smokebuddy.

20   4.    Plaintiff Smokebuddy is wholly owned by Gorski.  Smokebuddy is

21                                    2                            COMPLAINT

the exclusive licensee of the '131 Patent and the Smokebuddy Junior Trade dress, both of which protect the intellectual property rights in the Smokebuddy Junior. Plaintiff has been selling the Smokebuddy Junior in interstate commerce since at least 2012.  A true and correct copy of Plaintiffs' current webpage showing the Smokebuddy® Junior for sale is attached hereto as Exhibit 2.

5.     Defendant ST&C is a California LLC and maintains a principal place of business at 1813 East Washington Blvd, Los Angeles, CA 90021-3126 within the Central District of California and is engaged in the business within this District of designing, importing, distributing, advertising and/or selling smoking paraphernalia, including the infringing personal smoke filters alleged in this case sold by ST&C under the brand name, FLTR.  ST&C does business as Smoke Tokes.

6.     Defendant Lakhany is an individual residing within the Central District of California, and is the managing member of ST&C.  Defendant Lakhany has personally authorized, orchestrated, and approved the design, manufacture, importation, promotion, and sale of the infringing FLTR smoke filter by ST&C. Defendant Lakhany is extremely familiar with Smokebuddy products because Lakhany has authorized and orchestrated the purchase by ST&C of wholesale quantities of Smokebuddy products for many years, including the well known Smokebuddy® Junior.

COMPLAINT

1    7.  Defendant Lakhany was aware of the huge popularity of Smokebuddy

2    products from his experience selling them and chose to create the FLTR knock-

3    off of the Smokebuddy® Junior design to trading off the goodwill of the

4    Smokebuddy® Junior in order to maximize his profits.  The infringing FLTR

5    product is substantially the same as Plaintiffs' Smokebuddy® Junior, and infringes

6    Plaintiffs' '131 Patent and the Smokebuddy® Junior trade dress rights.

7    8.  In spite of Plaintiffs demands that Defendants stop selling the

8    infringing FLTR products, Defendants recently advertised the infringing FLTR

9    product in Stokes Magazine, an industry publication. A true and correct copy of

10   the Stokes Magazine advertisement is attached hereto as Exhibit 3.

11   9.  Lakhany knew, or should have known, that manufacturing and/or

12   selling the FLTR product infringes Plaintiffs' Smokebuddy® Junior patent, and

13   trade dress rights in the Smokebuddy® Junior.   Defendants were aware that the

14   FLTR products infringe the Smokebuddy® Junior because of the Defendants'

15   prior knowledge of the Smokebuddy® Junior and because Plaintiffs placed

16   Defendants on actual notice with a cease and desist demand.  Nevertheless, the

17   Defendants have chosen to continue selling the infringing FLTR product in willful

18   violation of Plaintiffs' rights.

19   **II. JURISDICTION AND VENUE:**

20   10.  This Court has original subject matter jurisdiction over Plaintiffs'

21

TROJAN LAW OFFICES
BEVERLY HILLS

1  patent infringement claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2      11.    This court has personal jurisdiction over Defendants because they

3  have manufactured, used, imported, sold, and/or advertised products which

4  infringe Plaintiffs' '131 Patent and Plaintiffs' trade dress rights within the Central

5  District of California, and/or have approved, authorized, ratified, and/or provided

6  material support for infringing activities within the Central District of California.

7      12.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391

8  and 1400 because the acts complained of herein have been, and are being

9  committed in this Judicial District under the pending jurisdictional authority of

10  this Court.  Furthermore, venue is proper in the Central District, based on this

11  Court's personal jurisdiction over the Defendants as a result of their infringing

12  activities in the Central District.

13  **III. FIRST CLAIM FOR RELIEF FOR INFRINGEMENT OF**

14  **UNITED STATES PATENT NO. D685,131**

15  **AGAINST BOTH DEFENDANTS:**

16      13.    Plaintiffs hereby incorporate by reference the allegations contained

17  in paragraphs 1 through 12.

18      14.    Plaintiff Gorski owns the exclusive right to make, use, import and

19  sell exhale smoke filters based on the ornamental design described and claimed in

20  the '131 Patent. Plaintiff Smokebuddy is the exclusive licensee of the rights

21

TROJAN LAW OFFICES
BEVERLY HILLS

conferred by the '131 Patent.

15.    At Lakhany's direction, ST&C has designed, had manufactured, imported, marketed, and/or sold the infringing FLTR product, or aided and abetted in the same.  Defendants' FLTR smoke filter is shown below in comparison to Plaintiffs' patented Smokebuddy Junior product:

| Plaintiffs' '131 Patent claims "[t]he ornamental design for an exhale smoke filter" | Defendants' infringing FLTR exhale smoke filter |
| --- | --- |
|  |  |

Defendants have elected to copy Plaintiffs' patented design as shown in the side-by-side comparison above.

16.    35 U.S.C. § 289 defines design patent infringement as the application of the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale or selling or exposing for sale any article of manufacture to which the design or colorable imitation has been applied.   The test for design patent infringement is whether an ordinary observer, familiar with the prior art, would be deceived into thinking that the accused design was the same

TROJAN LAW OFFICES
BEVERLY HILLS

COMPLAINT

1  as the patented design.  Specific differences in detail are not relevant to design

2  patent infringement if two products convey the same general appearance and

3  effect.

4      17.    Prior to the August 6, 2012 filing date of Plaintiffs' '131 Patent,

5  many alternative designs for exhale smoke filters were known in the art. For

6  example:

TROJAN LAW OFFICES
BEVERLY HILLS



(U.S. Pat. No. 4,993,435)



(U.S. Pat. No. 6,345,625)



FIG. 1a

(U.S. Pat. No. 9,167,849)



(U.S. Pub. No. 2008/0230077)

COMPLAINT



(U.S. Pub. No. 2008/0060664)



FIG. 2

(U.S. Pub. No. 2009/0056728)

Considering the variety of other personal exhale smoke filter designs known prior to August 6, 2012 as exemplified by the above prior art, Defendants' infringing FLTR product meets the test for design patent infringement because an ordinary observer, familiar with the prior art above, would be deceived into thinking that the accused design was the same as the patented design because the two products convey the same general appearance and effect.

18.    ST&C has violated Plaintiffs' patent rights by engaging in the manufacture, importation, use, sale, and/or offer for sale of the infringing FLTR smoke filter.  Lakhany has violated Plaintiffs' patent rights by causing ST&C to engage in the manufacture, importation, use, sale, and/or offer for sale of the infringing FLTR smoke filter, which has the appearance of Plaintiffs' Smokebuddy Junior, and/or by aiding and abetting those actions.

19.    The infringing FLTR product has not been authorized in any manner by Plaintiffs.

TROJAN LAW OFFICES
BEVERLY HILLS

COMPLAINT

20.     As a legal consequence of Defendants' infringement, Plaintiffs have been irreparably harmed and are entitled to disgorgement of Defendants' profits under 35 U.S.C. § 289, pre-judgment interest, compensation for lost profits, price erosion, loss of market share, and a preliminary and permanent injunction.

21.     Defendants had actual notice of Plaintiffs' patent rights, yet defendants have failed to discontinue the manufacture, importation, use, sale, and/or offer for sale of the FLTR product without justification. These continued activities constitute willful infringement of Plaintiffs' '131 Patent, thereby entitling Plaintiffs to treble damages and attorney fees under 15 U.S.C. §§ 284 and 285.

## IV. SECOND CLAIM FOR RELIEF FOR TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a) AGAINST BOTH DEFENDANTS:

22.     Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 21.

23.     Plaintiffs' Smokebuddy® Junior trade dress is non-functional, inherently distinctive, in commercial use, and has acquired substantial secondary meaning. Plaintiffs' distinctive trade dress is recognized by Smokebuddy customers in the marketplace looking for Plaintiffs' products based upon the overall three dimensional shape of the Smokebuddy® Junior

24.    Trade dress is infringed when customers are likely to find an infringing product confusingly similar to another product for which the trade dress is claimed.  Defendants' FLTR product has a three dimensional shape that makes it confusingly similar to Plaintiff's trade dress for the Smokebuddy® Junior.

| Plaintiffs' trade dress in the distinctive Smokebuddy Junior shape | Defendants' infringing FLTR exhale smoke filter |
| --- | --- |
|  | |

Minor differences in trade dress will not avoid trade dress infringement. Trade dress is examined as a whole, rather than as individual constituent parts, and focuses on the overall visual impression trade dress in a product creates.

25.    Plaintiff's trade dress is non-functional and inherently distinctive because there are many shapes that a personal smoke filter can take as represented by the variety of shapes of smoke filters on the market, each with a distinct shape creating a different overall impression.  For example, other competitors have adopted their own unique trade dress for their smoke filters with all serving the same function without infringing upon each other's unique appearance:

COMPLAINT

TROJAN LAW OFFICES
BEVERLY HILLS

| Philter Labs "Phrend" filter | Sploofy "Sploofy Pro" filter |
|---|---|
|  |  |
| Smoke Trap "Smoke Trap 2.0" filter | Headshop "Interceptor" filter |
|  |  |

26. Considering the variety of shapes of personal exhale smoke filters currently on the market, it is clear that the Smokebuddy® Junior's design is not the only shape available in order to create a functional smoke filter. As such, the overall shape is non-functional and inherently distinctive under the Lanham Act. Therefore, it is no surprise that consumers have come to rely upon the shape of the Smokebuddy® Junior as a sign of the quality and reputation of personal filter products originating from Plaintiffs.

27. When Defendants' FLTR product and Plaintiffs' Smokebuddy® Junior

COMPLAINT

TROJAN LAW OFFICES
BEVERLY HILLS

TROJAN LAW OFFICES
BEVERLY HILLS

1  are examined in a side by side comparison, as shown in Paragraph 24, the overall

2  commercial impression of the two designs is the same, especially when viewed in

3  the proper context of the variety of shapes of smoke filters on the market to which

4  consumers are exposed.  Therefore, defendants are liable to Plaintiffs under 35

5  U.S.C. §1125(a) because the appearance of the infringing FLTR products

6  constitute a device that is likely to cause confusion, or to cause mistake, or to

7  deceive as to the affiliation, connection, or association of Defendants with

8  Plaintiffs, or as to the origin, sponsorship, or approval of Defendants' FLTR

9  products by Plaintiffs

10      28.    Lakhany, acting as the managing member and decision maker at ST&

11  C, caused ST&C to infringe Plaintiffs' trade dress and created a false designation

12  of origin by having ST&C manufacture, distribute, offer for sale, sell, and/or

13  promote in commerce the FLTR product without Plaintiffs' permission.

14  Lakhany's intent was to unfairly compete against Plaintiffs, to trade upon

15  Plaintiffs' reputation and goodwill by causing confusion and mistake among

16  consumers and the public, and to deceive the public into believing that the

17  infringing FLTR product is associated with, sponsored by or approved by

18  Plaintiffs, when it is not.

19      29.    Defendants' infringing acts have irreparably injured Plaintiffs. Such

20  irreparable injury will continue unless Defendants are preliminarily and

21

1  permanently enjoined by this Court from continuing to engage in their ongoing

2  infringement of Plaintiffs' trade dress, for which Plaintiffs have no adequate

3  remedy at law. Defendants' acts of infringement also have economically injured

4  Plaintiffs in an amount that is presently undetermined.

5      30.    Plaintiffs are entitled to recover monetary damages from Defendants

6  adequate to compensate Plaintiffs' for damages and profits Defendants obtained

7  by infringing Plaintiffs' trade dress, according to proof at trial. Plaintiffs also

8  request that this Court grant an injunction against Defendants to prevent future

9  violations of Plaintiffs' trade dress rights including Plaintiffs' rights under Section

10  43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

11      31.    Plaintiffs are informed and believe, and based thereon allege, that

12  Lakhany and ST&C had actual knowledge of Plaintiffs' prior use of Plaintiffs'

13  Smokebuddy® Junior trade dress, and without Plaintiffs' consent have willfully

14  violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), by using

15  Plaintiffs' trade dress in connection with the manufacture, import, offer for sale,

16  advertisement and sale of Defendants' infringing FLTR product. Accordingly, this

17  is an exceptional case within the meaning of 15 U.S.C. § 1117(a) entitling

18  Plaintiffs to treble damages and their reasonable costs, including attorneys' fees.

19               **V. PRAYER FOR RELIEF:**

20      WHEREFORE, Plaintiffs respectfully pray for the following relief:

21

TROJAN LAW OFFICES
BEVERLY HILLS

COMPLAINT

a.      A preliminary injunction barring Defendants and all of their agents, officers, attorneys, successors, and assigns from manufacturing, importing, using, selling, and/or offering for sale any products that infringe the '131 Patent and the Smokebuddy Junior trade dress;

b.      A permanent injunction barring Defendants and all of their agents, officers, attorneys, successors, and assigns from manufacturing, using, selling, and/or offering for sale any products that infringe the '131 Patent and the Smokebuddy® Junior trade dress;

c.      A judgment of at least $1,000,000, or according to proof, against Defendants for disgorgement of profits under 35 U.S.C. § 289 and under 15 U.S.C. § 1117(a), and actual compensatory damages, adequate to compensate Plaintiffs for all of their losses, including prejudgment interest, lost profits, loss of convoy sales, price erosion, and loss of market share;

d.      Treble damages and attorney fees pursuant to 35 U.S.C. §§ 284 -285 and 15 U.S.C. § 1117(a)  for the willful infringement of the '131 Patent and the Smokebuddy Junior trade dress;

e.      Costs of suit and prejudgment interest against Defendants; and

f.      Any and all other relief that the Court deems proper.

## VI. DEMAND FOR JURY TRIAL:

TROJAN LAW OFFICES
BEVERLY HILLS

1    Plaintiffs hereby exercise their right to a jury trial under the Seventh

2 Amendment to the United States Constitution and hereby demand a jury trial in

3 accordance therewith.

4                                        Respectfully submitted,

5                                        TROJAN LAW OFFICES
                                         by
6
Dated: July 21, 2022                     /s/R. Joseph Trojan
7                                        R. Joseph Trojan
                                         Attorney for Plaintiffs
8                                        Travel Assets, Inc., d.b.a.
                                         Smokebuddy, and Gregg Gorski
9

10

11

12

13

14

15

16

17

18

19

20

21                                15                        COMPLAINT

TROJAN LAW OFFICES
BEVERLY HILLS